UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELYSE MARIE MYERS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:17-cv-2582-KJN<br><br><br><br>ORDER |

      Plaintiff Elyse Myers seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 15, 21.) Thereafter, plaintiff filed a reply brief. (ECF No. 24.)

      After carefully considering the record and the parties' briefing, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and all parties consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 8.)

1

summary judgment, and REMANDS the action for further administrative proceedings.

I.  BACKGROUND

Plaintiff was born on October 10, 1954; has completed two years of college; and previously worked as a bookkeeper and personal scheduler.[2]  (Administrative Transcript ("AT") 27, 38-39, 204.)  Plaintiff applied for both DIB and SSI, alleging that her disability began on May 7, 2014.  (AT 20.)  After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on May 24, 2016.  (AT 33-73.)  The ALJ subsequently issued a decision dated October 7, 2016, determining that plaintiff had not been under a disability as defined in the Act, from May 7, 2014, plaintiff's alleged disability onset date, through the date of the ALJ's decision.  (AT 20-28.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on November 1, 2017.  (AT 1–6.)  Plaintiff subsequently filed this action on December 11, 2017, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

II.  ISSUES PRESENTED

On appeal, plaintiff raises the following issues:  (1) whether the ALJ improperly discounted plaintiff's subjective complaints; (2) whether the ALJ failed to properly analyze plaintiff's reflex sympathetic dystrophy under Social Security Ruling 03-2p; (3) whether the RFC is inadequately supported; (4) whether the ALJ improperly discounted lay opinion evidence; and (5) whether the ALJ's step four finding is inadequately supported.

III.  LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order.  The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

2

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

    A. Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff met

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

////

3

the insured status requirements for DIB through December 31, 2017. (AT 22.) At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since May 7, 2014, the alleged onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: reflex sympathetic dystrophy syndrome; osteoarthritis lumbar spine; bilateral shoulder osteoarthritis with right shoulder impingement syndrome; and degenerative joint disease bilateral hips. (Id.) However, at step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 23.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift, carry, push, and pull 10 pounds frequently and 20 pounds less than occasionally, but not precluded. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds, and she cannot be exposed to moving mechanical parts or unprotected heights. The claimant can sit for six hours in an eight-hour workday, she can stand and walk for six hours in an eight-hour workday, and she must alternate for 10 minutes after every one half hour remaining on task. The claimant must use a cane or other assistive device as needed when ambulating.

(AT 24.) At step four, the ALJ determined, based on a vocational expert's testimony, that plaintiff was capable of performing past relevant work as a bookkeeper and a personal scheduler. (AT 27.) Thus, the ALJ concluded that plaintiff had not been disabled from May 7, 2014, her alleged disability onset date, through October 7, 2016, the date of the ALJ's decision. (Id.)

B. Plaintiff's Substantive Challenges to the Commissioner's Determinations

Most of the specific issues raised by plaintiff have a common theme—whether the record was adequate or sufficiently developed to assess plaintiff's credibility and her RFC. See

---

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered…This duty extends to the represented as well as to the unrepresented claimant.").

In this case, the ALJ found that plaintiff had the severe impairment of reflex sympathetic dystrophy syndrome ("RSDS"). According to the Commissioner:

> RSDS is a chronic pain syndrome arising most often from trauma to an extremity, with complaints of intense pain and initial findings of autonomic dysfunction. It is expected in RSDS that the intensity and duration of symptoms will exceed the severity of the precipitating injury.
>
> The Ruling instructs agency decision makers that RSDS is a medically determinable impairment that may support the allowance of a disability claim. The added impact of chronic pain and medication effects must be carefully considered. Locating evidence of the applicant's condition and functioning before and after diagnosis, from medical and lay sources, is essential to determining credibility.

SSR 03-2p. Despite this guidance, and the fact that plaintiff received a spinal cord stimulator implant, injections, and physical therapy for treatment, the ALJ decided plaintiff's case without any opinion from a treating source or a consultative examiner. Additionally, although the ALJ partially relied on the opinions of non-examining state agency physicians, those providers only reviewed plaintiff's treatment records from 2014, and none of the treatment records from 2015-2016. Given the complexity of the credibility determination in RSDS cases, as well as the ambiguous treatment records in this case, the court finds that additional record development is necessary to render a decision based on substantial evidence.

As such, the court remands the action for a consultative examination by an appropriate specialist with full access to plaintiff's prior medical records.[4] The ALJ is also free to develop the record in other respects, as appropriate. Once the record is properly developed, the ALJ will have an opportunity to reconsider her analysis as to plaintiff's credibility and the RFC, if

---

[4] The court does not hold that a consultative examination is required in every RSDS case. However, under the specific circumstances of this case, where the record evidence is ambiguous and the state agency physicians only reviewed a small portion of the medical records, a consultative examination is warranted.

necessary.  Importantly, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is GRANTED IN PART.
2. The Commissioner's cross-motion for summary judgment (ECF No. 21) is DENIED.
3. The Commissioner's final decision is REVERSED and the action is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).
4. The Clerk of Court shall close this case.

Dated:  December 20, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE