UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELYSE MARIE MYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:17–cv–2582–KJN<br><br>ORDER<br><br>(ECF No. 31) |

Presently pending before the court is counsel for plaintiff Shellie Lott's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed on August 3, 2020. (ECF No. 31.)[1] Plaintiff's counsel seeks an award of $31,360 (22.8% of plaintiff's past-due benefits of $137,228 as calculated by the Commissioner of Social Security).  The Commissioner filed a statement that the agency has no objection to counsel's fee request.  (ECF No. 33.)  Counsel served her motion on plaintiff, who did not respond. (ECF No. 35.)

The court grants the motion for attorneys' fees under 42 U.S.C. § 406(b).

///

---

[1] This case was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge. (ECF Nos. 6, 8.)

1

**Background**

To briefly summarize the background of this case, on December 20, 2018, the court granted in part plaintiff's motion for summary judgment and remanded the matter for further agency proceedings. (See ECF No. 25.) On March 18, 2019, plaintiff's counsel filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 27.) On April 17, 2019, the court awarded $6,750 in attorneys' fees under the EAJA, pursuant to the parties' stipulation. (ECF Nos. 29, 30.) After further proceedings following the remand, on February 28, 2020, an administrative law judge ultimately issued a fully favorable decision for plaintiff. (See ECF No. 31.1 at 1.)

On March 18, 2020, the Commissioner issued a Notice of Award, informing plaintiff that she was entitled to past-due disability benefits from November 2014 through the date of the decision. (ECF No. 31.2.) The letter does not state the total amount of benefits being awarded, but does state that the agency is withholding $137,228, some portion of which would be used to pay attorneys' fees. (Id. at 1-2.) The sum of the monthly past-due benefits listed on the Notice of Award is roughly equivalent to that total; therefore, the court understands $137,228 to be plaintiff's total award of past-due benefits. Twenty-five percent of that amount comes to $34,307, although counsel is requesting a reduced amount of $31,360 in attorney's fees. (ECF No. 31.1.)

On August 3, 2020, plaintiff's counsel filed the instant unopposed motion for attorneys' fees under 42 U.S.C. § 406(b). (ECF No. 31.) In a separate request to the agency, plaintiff's counsel is seeking $6,750 in attorneys' fees under 42 U.S.C. § 406(a) (fees for representation at agency level).[2] (ECF No. 31 at 1 n.1.) Counsel represents that if she receives the § 406(b) fees before the § 406(a) fees, she will give plaintiff the option of an immediate refund of the identical EAJA fee previously awarded, or to hold the EAJA fee in her trust account pending approval of

---

[2] Following the Supreme Court's recent decision in Culbertson v. Berryhill, 139 S. Ct. 517 (2019), it does not matter that counsel's potential recovery of both $6,750 in § 406(a) fees for her agency work plus $31,360 in § 406(b) fees for her work before this court (for a total of $38,110) would exceed 25% of plaintiff's past-due benefits ($34,307). Id. at 519 (holding that 25% cap in § 406(b) applies only to fees for representation before the court, not to aggregate fees for both court and agency representation).

the § 406(a) fee.  (Id.)

**Discussion**

Title 42 U.S.C. § 406(b) provides, in part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  Unlike fee-shifting provisions where the losing party is responsible for attorneys' fees, the attorneys' fees authorized under 42 U.S.C. § 406(b) are paid by the claimant out of the past-due benefits awarded.  Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002).

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b).  Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants.").  "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established."  Id. at 1149.

In Crawford, the Ninth Circuit Court of Appeals extensively discussed how the reasonableness of the fee within the 25% cap is to be determined.  The court noted that although the Ninth Circuit had previously used the lodestar method to determine the reasonableness of fees under 42 U.S.C. § 406(b), i.e., "by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case" with consideration of possible enhancements, the approach changed after the United States Supreme Court's decision in Gisbrecht v. Barnhart, 535 U.S. 789 (2002).  Crawford, 586 F.3d at 1148.  The Ninth Circuit observed that:

> In Gisbrecht, the Supreme Court flatly rejected our lodestar approach. The court explained that we had "erroneously read § 406(b) to override customary attorney-client contingent-fee agreements" when we approved the use of the lodestar to determine a reasonable fee, Gisbrecht, 535 U.S. at 808-09, 122 S. Ct. 1817. The Court held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect "the primacy of lawful attorney-client fee agreements," id. at 793, 122 S. Ct. 1817, "looking first to the contingent-fee agreement, then testing it for reasonableness," id. at 808, 122 S. Ct. 1817. The Court noted that courts that had followed this model had "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case." Id. "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases. Id. The attorney bears the burden of establishing that the fee sought is reasonable. Id. at 807, 122 S. Ct. 1817.

Id. Thus, performance of the district court's duty to assure reasonableness of the fee "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

In support of the motion for attorneys' fees under 42 U.S.C. § 406(b), plaintiff's counsel attaches plaintiff's attorney-client agreement, which provides for a contingent fee of 25% of any past-due benefits awarded in plaintiff's case following an appeal. (ECF No. 31.3.) The agreement is signed. (ECF No. 31.3.) The court also notes that (after prompting by the court) plaintiff's counsel served a copy of the motion on plaintiff and that plaintiff did not file any objections to this fee request. (ECF No. 35.) Accordingly, the court has no reason to doubt plaintiff's counsel's representations regarding the fee agreements. As noted above, plaintiff's counsel now seeks slightly less than 25% of plaintiff's total past-due benefits, i.e., an award of $31,360.

////

In light of the guidance provided in Crawford, the court finds plaintiff's counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past-due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the undersigned finds no indication that plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work over several years ultimately resulted in a fully favorable decision for plaintiff and an award of back benefits and continuing benefits. Furthermore, the total amount sought ($31,360) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case. The exhibits attached to the motion reflect that plaintiff's counsel and a contracting attorney brief writer spent 37.7 hours on the case, which equates to a rate of approximately $832 per hour. While the hourly rate is quite high, it cannot be said to amount to a windfall to plaintiff's counsel. See Crawford, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902); Thomas v. Colvin, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); Villa v. Astrue, No. CIV-S-06-0846-GGH, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (awarding an hourly rate exceeding $1,000, when counsel requested $4,569.25 for 5.2 hours of combined attorney and paralegal work, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"). Moreover, the court finds the requested fee amount reasonable in light of the several years of litigation and the result achieved. For these reasons, the court awards plaintiff's counsel the requested amount of $31,360 in attorneys' fees under 42 U.S.C. § 406(b).

Once the court determines that the fee sought under § 406(b) is reasonable, it must account for the attorneys' fees paid by the Commissioner on his own behalf pursuant to the EAJA. Gisbrecht, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. Gisbrecht, 535 U.S. at 796. Here, the court finds counsel's § 406(b) request reasonable, and therefore orders

counsel to pay plaintiff the $6,750 in EAJA fees previously awarded (ECF No. 30), although plaintiff may—at her own discretion—decide to allow counsel to hold the $6,750 in trust pending resolution of counsel's § 406(a) motion requesting an identical amount be awarded by the agency. Should the agency grant a § 406(a) award for less than the full amount of $6,750, counsel shall remit to plaintiff the balance forthwith.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 31) is GRANTED;
2. The Commissioner shall pay plaintiff's counsel in this case the sum of $31,360.00 in attorneys' fees under 42 U.S.C. § 406(b). The remainder withheld from the back benefits awarded to plaintiff shall be disbursed to plaintiff; and
3. Plaintiff's counsel shall reimburse plaintiff for the $6,750 in previously-awarded EAJA fees.

Dated: November 23, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

myer.2582